IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01707-MSK-BNB
(Consolidated with 08-cv-01792-MSK-BNB)

TECHNOLOGY PARTNERS LLC, a Colorado limited liability company,

Plaintiff,

v.

GOLDEN KEY LLC, a New York limited liability company,
WONDERLAND Capital Corp., a New York corporation,
JUMBOHAWK DRILLING LLC,
SIPADA, INC., a New York corporation,
PAUL GIARMOLEO, and
HUGH AUSTIN,

Defendants.

X-CLEARING CORPORATION, a Colorado corporation,

Plaintiff,

v.

TECHNOLOGY PARTNERS LLC, a Colorado limited liability company,
GOLDEN KEY LLC,
WONDERLAND CAPITAL CORPORATION,
MARINE EXPLORATION, INC., a Colorado corporation,
NEXT LEVEL CONSULTING,
ERIC CUSIMANO,
MERCANTILE ASCENDENCY, INC., a Texas corporation,
PERSHING LLC, a New Jersey limited liability company,
FAGENSON & CO., a New York corporation,
LEGENT CLEARING, LLC, a Nebraska corporation, and
INVESTORS VOICE, LLC,

Defendants.

**ORDER**

This matter arises on the **Motion for Default Judgment** [Doc. # 135, filed 10/27/2009], which is DENIED WITHOUT PREJUDICE.

In a consolidated action, the parties dispute the ownership of 6,850,000 shares of the stock of Marine Exploration, Inc. ("Marine"). Technology Partners claims that it sold and delivered the Marine shares to Wonderland Capital, Golden Key, and Jumbohawk, but that the buyers never made payment. The shares of stock were subsequently redistributed by Wonderland Capital, Golden Key, and Jumbohawk to numerous other holders.

The first filed case was captioned:

> Civil Action No. 08-cv-01707-MSK-BNB
>
> Technology Partners LLC
> v.
> Golden Key LLC,
> Wonderland Capital Corp.,
> Jumbohawk Drilling LLC, and
> Sipada, Inc.

Technology Partners' Second Amended Complaint [Doc. # 105, filed 1/27/1009], which is the operative complaint asserting Technology Partner's claims, seeks "declaratory relief, compensatory damages, exemplary damages, costs of litigation, pre- and post-judgment interest. . . ." Id. at p.14.

The second filed case was captioned:

    Civil Action No. 08-cv-01792-MSK-BNB

    X-Clearing Corp.
    v.
    Technology Partners LLC
    Golden Key LLC
    Wonderland Capital Corp.,
    Marine Exploration, Inc.,
    Next Level Consulting, Inc.,
    Eric Cusimano,
    Mercantile Ascendency, Inc.,
    Pershing LLC,
    Fagenson & Co., Inc.,
    Legent Clearing LLC, and
    Investors Voice LLC.

X-Clearing's Verified First Amended Complaint for Interpleader [Doc. #8, filed 9/16/2008] is the operative complaint with respect to X-Clearing's claims, and it seeks to interplead disputed stock certificates into the registry of the court so that the interpleader defendants may "settle among themselves their respective rights and claims" to the disputed stock certificates. Id. at p. 8. Technology Partners has answered X-Clearing's Verified First Amended Complaint for Interpleader and has requested that the court "enter judgment declaring that [Technology Partners] is the lawful owner of the shares of Marine Exploration, Inc. stock at issue herein." Answer [Doc. # 15] (filed in 08-cv-01792) at p. 6.

The two actions were consolidated by an order of the district judge in the first filed case. See Courtroom Minutes [Doc. # 17, filed 9/19/2008](filed in 08-cv-01707).

I held a hearing on May 6, 2010, and made inquiry into the propriety of the Motion for Default Judgment. Following that hearing, I entered an Order [Doc. # 168] requiring further briefing on, among other things, the propriety of the entry of a default judgment under the facts

presented here. Id. at pp. 4-5. In response to that order, Technology Partners stated:

> In light of the Preliminary Injunction that was entered by the Court, Technology Partners would request that the Court hold its Motion for Default Judgment in abeyance until all claims can be resolved.

Supplemental Brief Regarding Motion for Default Judgment [Doc. # 174, filed 6/7/2010] (the "Supp. Brief")at p. 2.

Among other matters which Technology Partners reports must be resolved before consideration of its motion for default judgment is appropriate are the voluntary surrender of certain stock certificates, Supp. Brief at p.7 ¶1-2, and the completion of an in rem action in state court to declare certain stock certificates void. Id. at pp. 7-8 ¶¶3-4. I am not further informed about the progress of those undertakings.

In view of the statements of Technology Partners, it appears that its Motion for Default Judgment is not ready for determination. Rather than leave that motion open and unresolved indefinitely, however, I will deny it without prejudice pending the completion of the tasks outlined by Technology Partners, at which time it may be refiled.

IT IS ORDERED that the Motion for Default Judgment [Doc. # 135] is DENIED WITHOUT PREJUDICE.

Dated September 7, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

4