IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01707-MSK-BNB
(Consolidated with 08-cv-01792-MSK-BNB)

TECHNOLOGY PARTNERS LLC, a Colorado limited liability company,

Plaintiff,

v.

GOLDEN KEY LLC, a New York limited liability company,
WONDERLAND Capital Corp., a New York corporation,
JUMBOHAWK DRILLING LLC,
SIPADA, INC., a New York corporation,
PAUL GIARMOLEO, and
HUGH AUSTIN,

Defendants.

X-CLEARING CORPORATION, a Colorado corporation,

Plaintiff,

v.

TECHNOLOGY PARTNERS LLC, a Colorado limited liability company,
GOLDEN KEY LLC,
WONDERLAND CAPITAL CORPORATION,
MARINE EXPLORATION, INC., a Colorado corporation,
NEXT LEVEL CONSULTING,
ERIC CUSIMANO,
MERCANTILE ASCENDENCY, INC., a Texas corporation,
PERSHING LLC, a New Jersey limited liability company,
FAGENSON & CO., a New York corporation,
LEGENT CLEARING, LLC, a Nebraska corporation, and
INVESTORS VOICE, LLC,

Defendants.

**ORDER**

This matter arises on the **Motion for Default Judgment** [Doc. # 186, filed 8/11/2010] filed by interpleader plaintiff X-Clearing Corporation ("X-Clearing"). The Motion for Default Judgment is DENIED.

In a consolidated action, the parties dispute the ownership of 6,850,000 shares of the stock of Marine Exploration, Inc. ("Marine"). Technology Partners claims that it sold and delivered the Marine shares to Wonderland Capital, Golden Key, and Jumbohawk, but that the buyers never made payment. The shares of stock subsequently were redistributed by Wonderland Capital, Golden Key, and Jumbohawk to numerous other holders.

X-Clearing filed a Verified First Amended Complaint for Interpleader [Doc. #8] (the "Amended Complaint") on September 16, 2008. Pursuant to the Amended Complaint, X-Clearing has deposited 13 stock certificates into the registry of the court so that the interpleader defendants may "settle among themselves their respective rights and claims" to the disputed stock certificates. Id. at p. 8. The interpleaded certificates include:

| Certificate Number | Record Owner | No. of Shares | Beneficial Owner |
|---|---|---|---|
| #2061 | Next Level Consulting | 250,000 | -- |
| #2153 | Legent Clearing, LLC | 300,000 | Mercantile Ascendency, Inc. |
| #2178 | Investors Voice, LLC | 100,000 | -- |
| #2247 | Pershing LLC | 7,170 | Golden Key LLC |
| #2249 | Fagenson & Co. | ) | Eric Cusimano |
| #2250 | Fagenson & Co. | ) | Eric Cusimano |
| #2251 | Fagenson & Co. | ) | Eric Cusimano |
| #2252 | Fagenson & Co. | ) 160,000 | Eric Cusimano |
| #2253 | Fagenson & Co. | ) | Eric Cusimano |
| #2254 | Fagenson & Co. | ) | Eric Cusimano |
| #2255 | Fagenson & Co. | ) | Eric Cusimano |
| #2256 | Fagenson & Co. | ) | Eric Cusimano |
| #2257 | Eric Cusimano | 90,000 | -- |

Id. at ¶¶22-28.

The practice standards of the assigned district judge require that a motion for default judgment include the following, among other things:

> 1. A motion for default judgment under Fed. R. Civ. P. 55(b) shall include copies of the following documents:
>
> a. the summons and return of service or a waiver of service, showing valid service on the particular defendant in accordance with Fed. R. Civ. P. 4; [and]
>
> b. an affidavit or affidavits establishing that the particular defendant is not an infant, an incompetent person, an officer or agency of the United States, the State of Colorado, or in the military service. . . .

MSK Civ. Practice Standard V.J.1.

Contrary to the requirements of the practice standards, the Motion for Default Judgment does not include copies establishing proof of service against Cusimano, or any defendant,[1] and does not include "an affidavit" establishing that "the particular defendant is not an infant, an incompetent person, an officer or agency of the United States, the State of Colorado, or in the military service. . . ."[2]

---

[1] Importantly, the Motion for Default Judgment also expressly seeks relief in the nature of default against defendant Fagenson & Co., see Motion for Default Judgment [Doc. # 186] at ¶10 (seeking "an Order in [X-Clearing's] favor enjoining Cusimano **and Fagenson** from instituting or prosecuting any proceeding against X-Clearing relating to the Stock Certificates") (emphasis added), but no proof of service against Fagenson is attached.

[2] The Motion for Default Judgment, which is not verified, does contain the unsupported assertion that "[t]o the undersigned's knowledge, information and belief, **Cusimano** is not a minor, incapacitated person, or engaged in military service." Motion for Default Judgment [Doc. # 186] at ¶11 (emphasis added). This allegation alone does not meet the requirements of the practice standards. Nor is the status of Fagenson & Co. addressed anywhere in the Motion for Default Judgment, and no supporting affidavit, as required, is offered with respect it.

3

Of equal concern to the technical deficiencies of the Motion for Default Judgment is the apparent procedural confusion which it evidences. The relief sought by X-Clearing is inconsistently stated. Sometimes relief appears to be sought only against defendant Cusimano, insofar as he is the only defendant against whom service of process is addressed. Motion for Default Judgment [Doc. # 186] at ¶¶6-9. At other times, relief appears to be sought against Cusimano and Fagenson & Co., as where X-Clearing states that it "is entitled to an Order in its favor enjoining Cusimano and Fagenson from instituting or prosecuting any proceeding against X-Clearing relating to the Stock Certificates." Id. at ¶10. Still other times, relief appears to be sought against all defendants, as where X-Clearing alleges that it is "entitled to default judgment by way of discharge from any and all liability and any claim concerning the Stock Certificates or the ownership of said certificates." Id.

IT IS ORDERED that the Motion for Default Judgment [Doc. # 186] is DENIED based upon X-Clearing's failure to comply with the district judge's practice standards for seeking a default judgment and its failure to clearly and consistently state the relief sought.

Dated September 20, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge